**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNIVERSITY OF SOUTH FLORIDA | ) | |
| BOARD OF TRUSTEES, UNIVERSITY | ) | |
| OF SOUTH FLORIDA RESEARCH | ) | |
| FOUNDATION, INC., and AXCESS | ) | |
| GLOBAL SCIENCES, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:22-cv-01528-GBW |
| | ) | |
| v. | ) | |
| | ) | |
| PERFECT KETO, LLC, and | ) | |
| PERFECT KETO HOLDINGS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## PERFECT KETO, LLC'S ANSWER AND COUNTERCLAIMS

Plaintiff Perfect Keto, LLC ("PK") hereby responds to the Complaint as follows:

## THE PARTIES

1.      PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 1 and, therefore, denies them.

2.      PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 2 and, therefore, denies them.

3.      PK admits the allegations of Paragraph 3.

4.      PK admits the allegations of Paragraph 4.

5.      PK denies that it is a wholly-owned subsidiary of Defendant Perfect Keto Holdings, LLC ("PK Holdings").  The remaining allegations of Paragraph 5 state a legal conclusion to which no response is required.  To the extent that a response is required, PK denies the remaining allegations of Paragraph 5.

## JURISDICTION AND VENUE

6.      PK denies that it has committed any acts of patent infringement.  PK admits that Plaintiffs have alleged claims of patent infringement under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.  PK denies all remaining allegations in Paragraph 6.

7.      PK admits that it is a Delaware limited liability corporation and, therefore, admits, solely for purposes of this action, that this Court has personal jurisdiction over PK.  PK denies all remaining allegations of Paragraph 7 directed at PK.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 7 insofar as they relate to PK Holdings and, therefore, denies them.

8.      PK admits that venue is proper in this District with respect to PK pursuant to 28 U.S.C. § 1400(b) solely due to PK being a citizen of the State of Delaware by virtue of it being a Delaware limited liability corporation.  PK denies all remaining allegations of Paragraph 8 directed at PK, including without limitation any allegation that PK has committed any act of patent infringement in this District.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 8 insofar as they relate to PK Holdings and, therefore, denies them.

## BACKGROUND

9.      PK admits that the text quoted in Paragraph 9 is reproduced from the '462 patent. PK denies that the respective asserted claims of the Asserted USF Patents meet the requirements of 35 U.S.C. § 112.  PK lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 9 and, therefore, denies them.

10.     PK denies that the respective asserted claims of the Asserted AGS Patents meet the requirements of 35 U.S.C. § 112.  PK lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 10 and, therefore, denies them.

11.     PK admits that the text quoted in Paragraph 11 is reproduced from the '362 patent.  PK denies that the asserted claims of the '362 patent meet the requirements of 35 U.S.C. § 112.

12.     PK denies that it sells supplement products or operates a website.  PK denies that Plaintiffs have properly stated a claim in their Complaint that the depicted Exogenous Ketones Drink Mix and Keto BHB Capsules products infringe any claim of the Asserted USF Patents. PK denies that Plaintiffs have properly stated a claim in their Complaint that the depicted Perform:  Keto Pre-Workout Drink and Keto Nootropic products infringe any claim of the Asserted AGS Patents.  PK denies that any of the four products depicted in Paragraph 12 infringe any claim of the Asserted USF Patents and/or the Asserted AGS Patents.  PK denies all remaining allegations of Paragraph 12 directed at PK.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 12 insofar as they relate to PK Holdings and, therefore, denies them.

13.     PK has not made, used, imported offered for sale, and/or sold any product, or operated any website since July 30, 2021 and denies all allegations of Paragraph 13 directed at PK.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 13 insofar as they relate to PK Holdings and, therefore, denies them.

14.     PK has not made, used, imported offered for sale, and/or sold any product, or operated any website since July 30, 2021 and denies all allegations of Paragraph 14 directed at

PK.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 14 insofar as they relate to PK Holdings and, therefore, denies them.

15.     PK has not made, used, imported offered for sale, and/or sold any product, or operated any website since July 30, 2021 and denies all allegations of Paragraph 15 directed at PK.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 15 insofar as they relate to PK Holdings and, therefore, denies them.

16.     PK has not made, used, imported offered for sale, and/or sold any product, or operated any website since July 30, 2021 and denies all allegations of Paragraph 16 directed at PK.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 16 insofar as they relate to PK Holdings and, therefore, denies them.

## **COUNT I – INFRINGEMENT OF US. PATENT NO. 9,138,420**

17.     PK incorporates and restates its responses to the allegations set forth in the preceding paragraphs.

18.     PK admits that the '420 patent is titled "Compositions and Methods for Producing Elevated and Sustained Ketosis."  PK further admits that the date of September 22, 2015 is identified on the face of the '420 patent as its issue date, though PK lacks sufficient information to form a belief as to the truth or falsity of the identified issue date.  PK further admits that a copy purporting to be the '420 patent was attached to the Complaint.  PK denies the remaining allegations of Paragraph 18.

19.     PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 19 and, therefore, denies them.

20.     PK denies that it has made, used, offered for sale, sold and/or distributed Perform: Keto Pre-Workout Drink and Keto Nootropic products since July 30, 2021.  PK denies all

remaining allegations of Paragraph 20 directed at PK.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 20 insofar as they relate to PK Holdings and, therefore, denies them.

21.     PK admits that the text quoted in Paragraph 21 is reproduced from claims 1 and 3 of the '420 patent.  PK denies that claim 3 of the '420 patent meets the requirements of 35 U.S.C. § 112 and/or that PK infringes, or has infringed, claim 3 of the '420 patent.

22.     PK admits that the text quoted in Paragraph 22 is reproduced from claims 1 and 3 of the '420 patent, except that it appears that Plaintiffs emphasized certain of the text of claim 1 of the '420 patent in their Complaint.  PK denies that it owns or operates any website.  PK denies that Plaintiffs have stated a cause of action for infringement of any claim of the '420 patent with respect to any product other than the Keto Nootropic product.  PK denies all remaining allegations of Paragraph 22 directed at PK, including without limitation that PK infringes, or has infringed, claim 3, or any other claim, of the '420 patent.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 22 insofar as they relate to PK Holdings and, therefore, denies them.

23.     PK admits that the text quoted in Paragraph 23 is reproduced from claims 1 and 3 of the '420 patent, except that it appears that Plaintiffs emphasized certain of the text of claims 1 and 3 of the '420 patent in their Complaint.  PK denies that it owns or operates any website.  PK denies that Plaintiffs have stated a cause of action for infringement of any claim of the '420 patent with respect to any product other than the Keto Nootropic product.  PK denies all remaining allegations of Paragraph 23 directed at PK, including without limitation that PK infringes, or has infringed, claim 3, or any other claim, of the '420 patent.  PK lacks sufficient

information to form a belief as to the truth or falsity of the allegations of Paragraph 23 insofar as they relate to PK Holdings and, therefore, denies them.

24.     PK denies that Plaintiffs have stated a cause of action for infringement of any claim of the '420 patent with respect to any product other than the Keto Nootropic product.  PK denies all remaining allegations of Paragraph 24 directed at PK, including without limitation that PK directly infringes claim 3, or any other claim, of the '420 patent.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 24 insofar as they relate to PK Holdings and, therefore, denies them.

25.     PK admits that counsel for Defendant AGS sent a letter to PK on November 22, 2022 – the same day that Plaintiffs filed their Complaint – summarily alleging that a Perform: Keto Pre-Workout Drink and a Keto Nootropic product infringe claim 3 of the '420 patent.  PK denies all remaining allegations of Paragraph 25 directed at PK, including without limitation that AGS provided sufficient detail in its November 22, 2022 letter to place PK on notice of Plaintiffs' present allegations relating to the '420 patent.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 25 insofar as they relate to PK Holdings and, therefore, denies them.

26.     PK denies the allegations of Paragraph 26 directed at PK.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 26 insofar as they relate to PK Holdings and, therefore, denies them.

27.     PK denies the allegations of Paragraph 27 directed at PK.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 27 insofar as they relate to PK Holdings and, therefore, denies them.

## <u>COUNT II – INFRINGEMENT OF U.S. PATENT NO. 9,675,577</u>

28.     PK incorporates and restates its responses to the allegations set forth in the preceding paragraphs.

29.     PK admits that the '577 patent is titled "Compositions and Methods for Producing Elevated and Sustained Ketosis."  PK further admits that the date of June 13, 2017 is identified on the face of the '577 patent as its issue date, though PK lacks sufficient information to form a belief as to the truth or falsity of the identified issue date.  PK further admits that a copy purporting to be the '577 patent was attached to the Complaint.  PK denies the remaining allegations of Paragraph 29.

30.     PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 30 and, therefore, denies them.

31.     PK denies that it has made, used, offered for sale, sold and/or distributed Perform: Keto Pre-Workout Drink and Keto Nootropic products since July 30, 2021.  PK denies all remaining allegations of Paragraph 31 directed at PK.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 31 insofar as they relate to PK Holdings and, therefore, denies them.

32.     PK admits that the text quoted in Paragraph 32 is reproduced from claims 1 and 2 of the '577 patent.  PK denies that claim 2 of the '577 patent meets the requirements of 35 U.S.C. § 112 and/or that PK infringes, or has infringed, claim 2 of the '577 patent.

33.     PK admits that the text quoted in Paragraph 33 is reproduced from claims 1 and 2 of the '577 patent, except that it appears that Plaintiffs emphasized certain of the text of claim 1 of the '577 patent in their Complaint.  PK denies that it owns or operates any website.  PK denies that Plaintiffs have stated a cause of action for infringement of any claim of the '577 patent with

respect to any product other than the Keto Nootropic product.   PK denies all remaining allegations of Paragraph 33 directed at PK, including without limitation that PK infringes, or has infringed, claim 2, or any other claim, of the '577 patent.   PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 33 insofar as they relate to PK Holdings and, therefore, denies them.

34.     PK admits that the text quoted in Paragraph 34 is reproduced from claims 1 and 2 of the '577 patent, except that it appears that Plaintiffs emphasized certain of the text of claim 1 of the '577 patent in their Complaint.   PK denies that owns or operates any website.   PK denies that Plaintiffs have stated a cause of action for infringement of any claim of the '577 patent with respect to any product other than the Keto Nootropic product.   PK denies all remaining allegations of Paragraph 34 directed at PK, including without limitation that PK infringes, or has infringed, claim 2, or any other claim, of the '577 patent.   PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 34 insofar as they relate to PK Holdings and, therefore, denies them.

35.     PK admits that the text quoted in Paragraph 35 is reproduced from claims 1 and 2 of the '577 patent, except that it appears that Plaintiffs emphasized certain of the text of claims 1 and 2 of the '577 patent in their Complaint.   PK denies that it owns or operates any website.   PK denies that Plaintiffs have stated a cause of action for infringement of any claim of the '577 patent with respect to any product other than the Keto Nootropic product.   PK denies all remaining allegations of Paragraph 35 directed at PK, including without limitation that PK infringes, or has infringed, claim 2, or any other claim, of the '577 patent.   PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 35 insofar as they relate to PK Holdings and, therefore, denies them.

36.    PK denies that Plaintiffs have stated a cause of action for inducement of infringement of any claim of the '577 patent.  PK denies all remaining allegations of Paragraph 36 directed at PK, including without limitation that PK indirectly infringes claim 2, or any other claim, of the '577 patent.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 36 insofar as they relate to PK Holdings and, therefore, denies them.

37.    PK admits that counsel for Defendant AGS sent a letter to PK on November 22, 2022 – the same day that Plaintiffs filed their Complaint – summarily alleging that a Perform: Keto Pre-Workout Drink product and a Keto Nootropic product infringe claim 2 of the '577 patent.  PK denies all remaining allegations of Paragraph 37 directed at PK, including without limitation that AGS provided sufficient detail in its November 22, 2022 letter to place PK on notice of Plaintiffs' present allegations relating to the '577 patent.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 37 insofar as they relate to PK Holdings and, therefore, denies them.

38.    PK denies the allegations of Paragraph 38 directed at PK.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 38 insofar as they relate to PK Holdings and, therefore, denies them.

39.    PK denies the allegations of Paragraph 39 directed at PK.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 39 insofar as they relate to PK Holdings and, therefore, denies them.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 10,646,462

40.    PK incorporates and restates its responses to the allegations set forth in the preceding paragraphs.

41.     PK admits that the '462 patent is titled "Compositions and Methods for Producing Elevated and Sustained Ketosis."  PK further admits that the date of May 12, 2020 is identified on the face of the '462 patent as its issue date, though PK lacks sufficient information to form a belief as to the truth or falsity of the identified issue date.  PK further admits that a copy purporting to be the '462 patent was attached to the Complaint.  PK denies the remaining allegations of Paragraph 41.

42.     PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 42 and, therefore, denies them.

43.     PK denies that it has made, used, offered for sale, sold and/or distributed Perform: Keto Pre-Workout Drink and Keto Nootropic products since July 30, 2021.  PK denies all remaining allegations of Paragraph 43 directed at PK.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 43 insofar as they relate to PK Holdings and, therefore, denies them.

44.     PK admits that the text quoted in Paragraph 44 is reproduced from claims 1 and 4 of the '462 patent.  PK denies that claim 4 of the '462 patent meets the requirements of 35 U.S.C. § 112 and/or that PK infringes, or has infringed, claim 4 of the '462 patent.

45.     PK admits that the text quoted in Paragraph 45 is reproduced from claims 1 and 4 of the '462 patent, except that it appears that Plaintiffs emphasized certain of the text of claim 1 of the '462 patent in their Complaint.  PK denies that it owns or operates any website.  PK denies that Plaintiffs have stated a cause of action for infringement of any claim of the '462 patent with respect to any product other than the Keto Nootropic product.  PK denies all remaining allegations of Paragraph 45 directed at PK, including without limitation that PK infringes, or has infringed, claim 4, or any other claim, of the '462 patent.  PK lacks sufficient information to

form a belief as to the truth or falsity of the allegations of Paragraph 45 insofar as they relate to PK Holdings and, therefore, denies them.

46.     PK admits that the text quoted in Paragraph 46 is reproduced from claims 1 and 4 of the '462 patent, except that it appears that Plaintiffs emphasized certain of the text of claim 1 of the '462 patent in their Complaint.  PK denies that it owns or operates any website.  PK denies that Plaintiffs have stated a cause of action for infringement of any claim of the '462 patent with respect to any product other than the Keto Nootropic product.   PK denies all remaining allegations of Paragraph 46 directed at PK, including without limitation that PK infringes, or has infringed, claim 4, or any other claim, of the '462 patent.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 46 insofar as they relate to PK Holdings and, therefore, denies them.

47.     PK admits that the text quoted in Paragraph 47 is reproduced from claims 1 and 4 of the '462 patent, except that it appears that Plaintiffs emphasized certain of the text of claims 1 and 4 of the '462 patent in their Complaint.  PK denies that it owns or operates any website.  PK denies that Plaintiffs have stated a cause of action for infringement of any claim of the '462 patent with respect to any product other than the Keto Nootropic product.   PK denies all remaining allegations of Paragraph 47 directed at PK, including without limitation that PK infringes claim 4, or any other claim, of the '462 patent.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 47 insofar as they relate to PK Holdings and, therefore, denies them.

48.     PK denies that Plaintiffs have stated a cause of action for infringement of any claim of the '462 patent with respect to any product other than the Keto Nootropic product.  PK denies all remaining allegations of Paragraph 48 directed at PK, including without limitation that

PK directly infringes claim 4, or any other claim, of the '462 patent.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 48 insofar as they relate to PK Holdings and, therefore, denies them.

49.     PK admits that counsel for Defendant AGS sent a letter to PK on November 22, 2022 – the same day that Plaintiffs filed their Complaint – summarily alleging that a Perform: Keto Pre-Workout Drink product and a Keto Nootropic product infringe claim 4 of the '462 patent.  PK denies all remaining allegations of Paragraph 49 directed at PK, including without limitation that AGS provided sufficient detail in its November 22, 2022 letter to place PK on notice of Plaintiffs' present allegations relating to the '462 patent.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 49 insofar as they relate to PK Holdings and, therefore, denies them.

50.     PK denies the allegations of Paragraph 50 directed at PK.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 50 insofar as they relate to PK Holdings and, therefore, denies them.

51.     PK denies the allegations of Paragraph 51 directed at PK.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 51 insofar as they relate to PK Holdings and, therefore, denies them.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 10,292,952

52.     PK incorporates and restates its responses to the allegations set forth in the preceding paragraphs.

53.     PK admits that the '952 patent is titled "Mixed Salt Compositions for Maintaining or Restoring Electrolyte Balance While Producing Elevated and Sustained Ketosis."  PK further admits that the date of May 21, 2019 is identified on the face of the '952 patent as its issue date,

though PK lacks sufficient information to form a belief as to the truth or falsity of the identified issue date.  PK further admits that a copy purporting to be the '952 patent was attached to the Complaint.  PK denies the remaining allegations of Paragraph 53.

54.     PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 54 and, therefore, denies them.

55.     PK denies that it has made, used, offered for sale, sold and/or distributed Perform: Keto Pre-Workout Drink and Keto Nootropic products since July 30, 2021.  PK denies all remaining allegations of Paragraph 55 directed at PK.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 55 insofar as they relate to PK Holdings and, therefore, denies them.

56.     PK admits that the text quoted in Paragraph 56 is reproduced from claim 19 of the '952 patent.  PK denies that claim 19 of the '952 patent meets the requirements of 35 U.S.C. § 112 and/or that PK infringes, or has infringed, claim 19 of the '952 patent.

57.     PK denies that Plaintiffs have stated in their Complaint a cause of action for infringement of any claim of the '952 patent with respect to any product other than the Exogenous Ketones Drink Mix product.  PK denies all allegations of Paragraph 57 directed at PK.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 57 insofar as they relate to PK Holdings and, therefore, denies them.

58.     PK admits that the text quoted in Paragraph 58 is reproduced from claim 19 of the '952 patent, except that it appears that Plaintiffs emphasized certain of the text of claim 19 of the '952 patent in their Complaint.  PK denies that it owns or operates any website.  PK denies that Plaintiffs have stated a cause of action for infringement of any claim of the '952 patent with respect to any product other than the Exogenous Ketones Drink Mix product.  PK denies all

remaining allegations of Paragraph 58 directed at PK, including without limitation that PK infringes, or has infringed, claim 19, or any other claim, of the '952 patent.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 58 insofar as they relate to PK Holdings and, therefore, denies them.

59.     PK admits that the text quoted in Paragraph 59 is reproduced from claim 19 of the '952 patent, except that it appears that Plaintiffs emphasized certain of the text of claim 19 of the '952 patent in their Complaint.  PK denies that it owns or operates any website.  PK denies that Plaintiffs have stated a cause of action for infringement of any claim of the '952 patent with respect to any product other than the Keto Nootropic product.  PK denies all remaining allegations of Paragraph 59 directed at PK, including without limitation that PK infringes, or has infringed, claim 19, or any other claim, of the '952 patent.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 59 insofar as they relate to PK Holdings and, therefore, denies them.

60.     PK admits that the text quoted in Paragraph 60 is reproduced from claim 19 of the '952 patent, except that it appears that Plaintiffs emphasized certain of the text of claim 19 of the '952 patent in their Complaint.  PK denies that it owns or operates any website.  PK denies that Plaintiffs have stated a cause of action for infringement of any claim of the '952 patent with respect to any product other than the Exogenous Ketones Drink Mix product.  PK denies all remaining allegations of Paragraph 60 directed at PK, including without limitation that PK infringes, or has infringed, claim 19, or any other claim, of the '952 patent.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 60 insofar as they relate to PK Holdings and, therefore, denies them.

61.     PK admits that the text quoted in Paragraph 61 is reproduced from claim 19 of the '952 patent, except that it appears that Plaintiffs emphasized certain of the text of claim 19 of the '952 patent in their Complaint.  PK denies that it owns or operates any website.  PK denies that Plaintiffs have stated a cause of action for infringement of any claim of the '952 patent with respect to any product other than the Exogenous Ketones Drink Mix product.  PK denies all remaining allegations of Paragraph 61 directed at PK, including without limitation that PK infringes, or has infringed, claim 19, or any other claim, of the '952 patent.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 61 insofar as they relate to PK Holdings and, therefore, denies them.

62.     PK denies that Plaintiffs have stated a cause of action for infringement of any claim of the '952 patent with respect to any product other than the Exogenous Ketones Drink Mix product.  PK denies all remaining allegations of Paragraph 62 directed at PK, including without limitation that PK directly infringes claim 19, or any other claim, of the '952 patent.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 62 insofar as they relate to PK Holdings and, therefore, denies them.

63.     PK admits that counsel for Defendant AGS sent a letter to PK on November 22, 2022 – the same day that Plaintiffs filed their Complaint – summarily alleging that an Exogenous Ketones Drink Mix, Perform:  Keto Pre-Workout Drink product and a Keto Nootropic product infringe claim 19 of the '952 patent.  PK denies all remaining allegations of Paragraph 63 directed at PK, including without limitation that AGS provided sufficient detail in its November 22, 2022 letter to place PK on notice of Plaintiffs' present allegations relating to the '952 patent.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 63 insofar as they relate to PK Holdings and, therefore, denies them.

64.     PK denies the allegations of Paragraph 64 directed at PK, including without limitation that the USF Plaintiffs have any right to claim damages with respect to any infringement of the '952 patent.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 64 insofar as they relate to PK Holdings and, therefore, denies them.

### COUNT V – INFRINGEMENT OF U.S. PATENT NO. 11,020,362

65.     PK incorporates and restates its responses to the allegations set forth in the preceding paragraphs.

66.     PK admits that the '362 patent is titled "Beta-hydroxybutyrate Mixed Salt Compositions and Methods of Use."  PK further admits that the date of June 1, 2021 is identified on the face of the '362 patent as its issue date, though PK lacks sufficient information to form a belief as to the truth or falsity of the identified issue date.  PK further admits that a copy purporting to be the '362 patent was attached to the Complaint.  PK denies the remaining allegations of Paragraph 66.

67.     PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 67 and, therefore, denies them.

68.     PK denies that it has made, used, offered for sale, sold and/or distributed Perform: Keto Pre-Workout Drink and Keto Nootropic products since July 30, 2021.  PK denies all remaining allegations of Paragraph 68 directed at PK.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 68 insofar as they relate to PK Holdings and, therefore, denies them.

69.     PK admits that the text quoted in Paragraph 69 is reproduced from claim 1 of the '362 patent.  PK denies that claim 1 of the '362 patent meets the requirements of 35 U.S.C. § 112 and/or that PK infringes, or has infringed, claim 1 of the '362 patent.

70.     PK denies that Plaintiffs have stated in their Complaint a cause of action for infringement of any claim of the '362 patent with respect to any product other than the Exogenous Ketones Drink Mix product.  PK denies all allegations of Paragraph 70 directed at PK.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 70 insofar as they relate to PK Holdings and, therefore, denies them.

71.     PK admits that the text quoted in Paragraph 71 is reproduced from claim 1 of the '362 patent, except that it appears that Plaintiffs emphasized certain of the text of claim 1 of the '362 patent in their Complaint.  PK denies that it owns or operates any website.  PK denies that Plaintiffs have stated a cause of action for infringement of any claim of the '362 patent with respect to any product other than the Exogenous Ketones Drink Mix product.  PK denies all remaining allegations of Paragraph 71 directed at PK, including without limitation that PK infringes, or has infringed, claim 1, or any other claim, of the '362 patent.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 71 insofar as they relate to PK Holdings and, therefore, denies them.

72.     PK admits that the text quoted in Paragraph 72 is reproduced from claim 1 of the '362 patent, except that it appears that Plaintiffs emphasized certain of the text of claim 1 of the '362 patent in their Complaint.  PK denies that it owns or operates any website.  PK denies that Plaintiffs have stated a cause of action for infringement of any claim of the '362 patent with respect to any product other than the Exogenous Ketones Drink Mix product.  PK denies all remaining allegations of Paragraph 72 directed at PK, including without limitation that PK

infringes, or has infringed, claim 1, or any other claim, of the '362 patent.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 72 insofar as they relate to PK Holdings and, therefore, denies them.

73.     PK admits that the text quoted in Paragraph 73 is reproduced from claim 1 of the '362 patent, except that it appears that Plaintiffs emphasized certain of the text of claim 1 of the '362 patent in their Complaint.  PK denies that it owns or operates any website.  PK denies that Plaintiffs have stated a cause of action for infringement of any claim of the '362 patent with respect to any product other than the Exogenous Ketones Drink Mix product.  PK denies all remaining allegations of Paragraph 73 directed at PK, including without limitation that PK infringes, or has infringed, claim 1, or any other claim, of the '362 patent.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 73 insofar as they relate to PK Holdings and, therefore, denies them.

74.     PK admits that the text quoted in Paragraph 74 is reproduced from claim 1 of the '362 patent, except that it appears that Plaintiffs emphasized certain of the text of claim 1 of the '362 patent in their Complaint.  PK denies that it owns or operates any website.  PK denies that Plaintiffs have stated a cause of action for infringement of any claim of the '362 patent with respect to any product other than the Exogenous Ketones Drink Mix product.  PK denies all remaining allegations of Paragraph 74 directed at PK, including without limitation that PK infringes, or has infringed claim 1, or any other claim, of the '362 patent.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 74 insofar as they relate to PK Holdings and, therefore, denies them.

75.     PK denies that Plaintiffs have stated a cause of action for infringement of any claim of the '362 patent with respect to any product other than the Exogenous Ketones Drink

Mix product.  PK denies all remaining allegations of Paragraph 75 directed at PK, including without limitation that PK directly infringes claim 1, or any other claim, of the '362 patent.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 75 insofar as they relate to PK Holdings and, therefore, denies them.

76.     PK admits that counsel for Defendant AGS sent a letter to PK on November 22, 2022 – the same day that Plaintiffs filed their Complaint – summarily alleging that an Exogenous Ketones Drink Mix product infringes claim 1 of the '362 patent.  PK denies all remaining allegations of Paragraph 76 directed at PK, including without limitation that AGS provided sufficient detail in its November 22, 2022 letter to place PK on notice of Plaintiffs' present allegations relating to the '362 patent.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 76 insofar as they relate to PK Holdings and, therefore, denies them.

77.     PK denies the allegations of Paragraph 77 directed at PK.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 77 insofar as they relate to PK Holdings and, therefore, denies them.

78.     PK denies the allegations of Paragraph 78 directed at PK, including without limitation that the USF Plaintiffs have any right to claim damages with respect to any infringement of the '362 patent.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 78 insofar as they relate to PK Holdings and, therefore, denies them.

## COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 11,241,403

79.     PK incorporates and restates its responses to the allegations set forth in the preceding paragraphs.

80.     PK admits that the '403 patent is titled "Beta-hydroxybutyrate Mixed Salt Compositions and Methods of Use."  PK further admits that the date of February 8, 2022 is identified on the face of the '403 patent as its issue date, though PK lacks sufficient information to form a belief as to the truth or falsity of the identified issue date.  PK further admits that a copy purporting to be the '403 patent was attached to the Complaint.  PK denies the remaining allegations of Paragraph 80.

81.     PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 81 and, therefore, denies them.

82.     PK denies that it has made, used, offered for sale, sold and/or distributed Perform: Keto Pre-Workout Drink and Keto Nootropic products since July 30, 2021.  PK denies all remaining allegations of Paragraph 82 directed at PK.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 82 insofar as they relate to PK Holdings and, therefore, denies them.

83.     PK admits that the text quoted in Paragraph 83 is reproduced from claim 13 of the '403 patent.  PK denies that claim 13 of the '403 patent meets the requirements of 35 U.S.C. § 112 and/or that PK infringes claim 13 of the '403 patent.

84.     PK denies that Plaintiffs have stated in their Complaint a cause of action for infringement of any claim of the '403 patent with respect to any product other than the Exogenous Ketones Drink Mix product.  PK denies all allegations of Paragraph 84 directed at PK.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 84 insofar as they relate to PK Holdings and, therefore, denies them.

85.     PK admits that the text quoted in Paragraph 85 is reproduced from claim 13 of the '403 patent, except that it appears that Plaintiffs emphasized certain of the text of claim 13 of the

'403 patent in their Complaint.  PK denies that it owns or operates any website.  PK denies that Plaintiffs have stated a cause of action for infringement of any claim of the '403 patent with respect to any product other than the Exogenous Ketones Drink Mix product.  PK denies all remaining allegations of Paragraph 85 directed at PK, including without limitation that PK infringes, or has infringed, claim 13, or any other claim, of the '403 patent.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 85 insofar as they relate to PK Holdings and, therefore, denies them.

86.      PK admits that the text quoted in Paragraph 86 is reproduced from claim 13 of the '403 patent, except that it appears that Plaintiffs emphasized certain of the text of claim 13 of the '403 patent in their Complaint.  PK denies that it owns or operates any website.  PK denies that Plaintiffs have stated a cause of action for infringement of any claim of the '403 patent with respect to any product other than the Exogenous Ketones Drink Mix product.  PK denies all remaining allegations of Paragraph 86 directed at PK, including without limitation that PK infringes, or has infringed, claim 13, or any other claim, of the '403 patent.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 86 insofar as they relate to PK Holdings and, therefore, denies them.

87.      PK admits that the text quoted in Paragraph 87 is reproduced from claim 13 of the '403 patent, except that it appears that Plaintiffs emphasized certain of the text of claim 13 of the '403 patent in their Complaint.  PK denies that it owns or operates any website.  PK denies that Plaintiffs have stated a cause of action for infringement of any claim of the '403 patent with respect to any product other than the Exogenous Ketones Drink Mix product.  PK denies all remaining allegations of Paragraph 87 directed at PK, including without limitation that PK infringes, or has infringed, claim 13, or any other claim, of the '403 patent.  PK lacks sufficient

information to form a belief as to the truth or falsity of the allegations of Paragraph 87 insofar as they relate to PK Holdings and, therefore, denies them.

88.     PK admits that the text quoted in Paragraph 88 is reproduced from claim 13 of the '403 patent, except that it appears that Plaintiffs emphasized certain of the text of claim 13 of the '403 patent in their Complaint.  PK denies that it owns or operates any website.  PK denies that Plaintiffs have stated a cause of action for infringement of any claim of the '403 patent with respect to any product other than the Exogenous Ketones Drink Mix product.  PK denies all remaining allegations of Paragraph 88 directed at PK, including without limitation that PK infringes, or has infringed, claim 13, or any other claim, of the '403 patent.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 88 insofar as they relate to PK Holdings and, therefore, denies them.

89.     PK denies that Plaintiffs have stated a cause of action for infringement of claim 1 of the '403 patent.  PK denies all remaining allegations of Paragraph 89 directed at PK, including without limitation that PK directly infringes claim 1, or any other claim, of the '403 patent.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 89 insofar as they relate to PK Holdings and, therefore, denies them.

90.     PK admits that counsel for Defendant AGS sent a letter to PK on November 22, 2022 – the same day that Plaintiffs filed their Complaint – summarily alleging that an Exogenous Ketones Drink Mix product infringes claim 13 of the '403 patent and that a BHB Capsules product infringes claim 1 of the '403 patent.  PK denies all remaining allegations of Paragraph 90 directed at PK, including without limitation that AGS provided sufficient detail in its November 22, 2022 letter to place PK on notice of Plaintiffs' present allegations relating to the

'403 patent.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 90 insofar as they relate to PK Holdings and, therefore, denies them.

91.     PK denies the allegations of Paragraph 91 directed at PK.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 91 insofar as they relate to PK Holdings and, therefore, denies them.

92.     PK denies the allegations of Paragraph 92 directed at PK, including without limitation that the USF Plaintiffs have any right to claim damages with respect to any infringement of the '403 patent.  PK lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 92 insofar as they relate to PK Holdings and, therefore, denies them.

## PRAYER FOR RELIEF

PK denies that any of the Plaintiffs are entitled to any of the relief against PK that Plaintiffs requested in the Complaint or otherwise.  PK denies all allegations in the Complaint that have not been specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.     As set forth in the responses above, the Complaint fails to state a cause of action upon which relief may be granted.

2.     As set forth in PK's Counterclaims, *infra*, PK does not infringe, and has not infringed, any of the Asserted USF Patents or the Asserted AGS Patents.

3.     As set forth in PK's Counterclaims, *infra*, the Asserted USF Claims and the Asserted AGS Claims are invalid pursuant to 35 U.S.C. §§ 102, 103, and/or 112.  Without limiting PK's right to identify specific prior art, the inventions claimed in the Asserted USF Claims and the Asserted AGS Claims have been described, used publicly, offered for sale, and/or

sold since before each asserted claim's effective filing date.  Moreover, the specifications of the asserted patents do not fully support the full scope of the Asserted USF Claims and/or the Asserted AGS Claims.

4.     The relief sought by Plaintiffs is barred in whole or in part pursuant to the doctrine of prosecution history estoppel due to amendments and/or arguments made during prosecution of the asserted patents.

5.     Upon information and belief, neither of the USF Plaintiffs own or are licensees of any of the Asserted AGS Patents and, therefore, the USF Plaintiffs are not entitled to any damages arising from infringement of any of the AGS patents.

6.     Plaintiffs' claims for damages are limited to a reasonable royalty because none of the Plaintiffs practice any invention described by any claim of any of the asserted patents.

7.     PK engaged in all relevant conduct in good faith, thereby precluding Plaintiffs, even if they prevail in whole or in part from recovering all or part of their reasonable attorneys' fees or seeking treble damages.

8.     PK has insufficient knowledge or information upon which to form a belief as to whether it may have additional, and as yet unstated affirmative defenses available, and reserves the right to assert such additional defenses in the event that further discovery, investigation or analysis indicate they are proper.

## **COUNTERCLAIMS**

For its Counterclaims against University of South Florida Board of Trustees, University of South Florida Research Foundation, Inc., and Axcess Global Sciences, LLC (collectively "Counterclaim Defendants"), Counterclaim Plaintiff Perfect Keto, LLC ("PK") alleges as follows:

4859-6378-4777.1

## NATURE OF THE COUNTERCLAIMS

1.      This is a declaratory judgment action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the Patent Laws, 35 U.S.C. § 1 et seq.  PK seeks a judicial declaration of non-infringement and invalidity of each asserted claim of U.S. Patent Nos. 9,138,420 ("the '420 patent"); 9,675,577 ("the '577 patent"); 10,646,462 ("the '462 patent"); 10,292,952 ("the '952 patent"); 11,020,362 ("the '362 patent"); and 11,241,403 ("the '403 patent") (collectively,  the "Patents-in-Suit").   PK also asserts state law claims seeking compensation for damages arising out of Counterclaim Defendant Axcess Global Sciences, LLC's ("AGS") tortious interference with PK's commercial activities.

## THE PARTIES

2.      Counterclaim Plaintiff PK is a Delaware Limited Liability Corporation.  PK does not presently have a principal place of business.

3.      Upon information and belief, Counterclaim Defendant University of South Florida Board of Trustees is the governing body for University of South Florida, a public university of the State of Florida, with its principal place of business at 4202 East Fowler Avenue, Tampa, FL 33620.

4.      Upon information and belief, Counterclaim Defendant University of South Florida Research Foundation, Inc. is a direct support organization for the University of South Florida with its principal place of business at 4202 East Fowler Avenue, Tampa, FL 33620.

5.      Upon information and belief, AGS is a Utah limited liability company with its principal place of business at 2157 Lincoln Street, Salt Lake City, UT  84106.

6.      Joinder of the Counterclaim Defendants in this single action is proper because Counterclaim Defendants have jointly asserted in this action claims against PK for infringement of the Patents-in-Suit.

4859-6378-4777.1

## JURISDICTION AND VENUE

7.      PK's Counterclaims are for declaratory relief relating to the Patents-in-Suit. Accordingly, this Court has subject matter jurisdiction over PK's Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

8.      PK'S Counterclaims against AGS for tortious interference with contract and for tortious interference with prospective business advantage fall within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) insofar as AGS' unjustified filing of patent complaints with Amazon.com alleging infringement of the '362 patent tortiously interfered with PK Holings' lawful commercial activities, including specifically its ability to sell its products via Amazon.com including to residents of this District.  Accordingly, PK'S state law Counterclaims are so related to its claims for declaratory judgment of non-infringement of the '362 patent that they form part of the same case or controversy under Article III.

9.      Counterclaim Defendants allege that they own all right, title, interest in, or are an exclusive licensee of, each of the Patents-in-Suit and that they have standing to sue for infringement of each of the Patents-in-Suit.

10.     Accordingly, an actual case or controversy exists between PK and Counterclaim Defendants of such immediacy and reality to warrant the issuance of the requested declaratory judgment and award for damages arising out of AGS's tortious interference with PK's commercial activities.

11.     Counterclaim Defendants have submitted themselves to the jurisdiction of this Court by virtue of having alleged in the present lawsuit that PK infringes the Patents-in-Suit.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## COUNTERCLAIM I

## DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF CLAIM 3 OF U.S. PATENT NO. 9,138,420

13.     PK incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-12 above as if set forth fully herein.

14.     Counterclaim Defendants allege in the present lawsuit that PK directly infringes claim 3 of the '420 patent at least by making, using, selling, offering for sale, and distributing the Perform:  Keto Pre-Workout Drink and Keto Nootropic products.

15.     Counterclaim Defendants did not identify in their Complaint any product other than the Perform:  Keto Pre-Workout Drink and Keto Nootropic products as allegedly directly infringing claim 3 of the '420 patent.

16.     Counterclaim Defendants did not describe in their Complaint how any product other than the Keto Nootropic product allegedly directly infringes claim 3 of the '420 patent.

17.     Counterclaim Defendants did not describe in their Complaint how any product allegedly infringes any claim of the '420 patent other than claim 3 of the '420 patent.

18.     PK has not made, used, imported, offered for sale, and/or sold any product since July 30, 2022.  The Keto Nootropic product that PK offered for sale and sold prior to July 30, 2022 did not infringe, directly or indirectly, literally or pursuant to the doctrine of equivalents, claim 3 of the '420 patent at least because that Keto Nootropic product did not have "one beta-hydroxybutyrate compound compris[ing] a salt mixture comprising a plurality of sodium beta-hydroxybutyrate, potassium beta-hydroxybutyrate, calcium beta-hydroxybutyrate, or magnesium beta-hydroxybutyrate."

19.     PK is entitled to a declaratory judgment that it did not infringe directly or indirectly, literally or under the doctrine of equivalents, claim 3 of the '420 patent.

4859-6378-4777.1

## COUNTERCLAIM II

### DECLARATORY JUDGMENT OF
### INVALIDITY OF CLAIM 3 OF U.S. PATENT NO. 9,138,420

20.     PK incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-17 above as if set forth fully herein.

21.     Compositions comprising all limitations of claim 3 of the '420 patent have been known to persons having ordinary skill in the art since at least as early as 1986, as shown in, *inter alia*, P. K. Wu *et al.*, *Medium-Chain Triglycerides in Infant Formulas and Their Relation to Plasma Ketone Body Concentrations*, *Pediatric Research*, Vol. 20, No. 4 (1986), 338-341; U.S Patent Application No. 2010/0041751 to Henderson; U.S. Patent No. 4,771,074; and U.S. Patent No. 6,232,345.

22.     Such prior art publications teaching all limitations of claim 3 of the '420 patent render that claim invalid under 35 U.S.C. §§ 102 and/or 103.

23.     Claim 3 of the '420 patent is invalid pursuant to 35 U.S.C. § 112 insofar as the '420 patent specification does not provide sufficient written description to convey with reasonable clarity to those skilled in the art that, as of the effective filing date, the inventors were in possession of the full scope of the claimed invention, at least because there is not sufficient disclosure of a beta-hydroxybutyrate compound comprising a salt mixture comprising a plurality of sodium beta-hydroxybutyrate, potassium beta-hydroxybutyrate, calcium beta-hydroxybutyrate, or magnesium beta-hydroxybutyrate.

24.     Claim 3 of the '420 patent is invalid pursuant to 35 U.S.C. § 112 additionally because the '420 patent specification does not enable a person of ordinary skill in the art to make and use the claimed invention without undue experimentation, at least because there is not sufficient teaching in the '420 patent specification relating to a beta-hydroxybutyrate compound

comprising a salt mixture comprising a plurality of sodium beta-hydroxybutyrate, potassium beta-hydroxybutyrate, calcium beta-hydroxybutyrate, or magnesium beta-hydroxybutyrate.

25.     PK is entitled to a declaratory judgment that claim 3 of the '420 patent is invalid.

## COUNTERCLAIM III

## DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF CLAIM 2 OF U.S. PATENT NO. 9,675,577

26.     PK incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-12 above as if set forth fully herein.

27.     Counterclaim Defendants allege in the present lawsuit that PK indirectly infringes claim 2 of the '577 patent at least by making, using, selling, offering for sale, and distributing the Perform:  Keto Pre-Workout Drink and Keto Nootropic products.

28.     Counterclaim Defendants did not identify in their Complaint any product other than the Perform:  Keto Pre-Workout Drink and Keto Nootropic products as allegedly indirectly infringing claim 2 of the '577 patent.

29.     Counterclaim Defendants did not describe in their Complaint how any product other than the Keto Nootropic product allegedly indirectly infringes claim 2 of the '577 patent.

30.     Counterclaim Defendants did not describe in their Complaint how any product allegedly infringes any claim of the '577 patent other than claim 2 of the '577 patent.

31.     PK has not made, used, imported, offered for sale, and/or sold any product since July 30, 2022.  The Keto Nootropic product that PK offered for sale and sold prior to July 30, 2022 did not infringe, directly or indirectly, literally or pursuant to the doctrine of equivalents, claim 2 of the '577 patent at least because that Keto Nootropic product did not have a "beta-hydroxybutyrate monomer salt."  Further, PK never actively encouraged infringement of claim 2 of the '577 patent by any third party, knew that any actions by third parties induced as a result of

4859-6378-4777.1

any encouragement or instruction by PK constituted infringement of claim 2 of the '577 patent, and/or actuated direct patent infringement by any of its actions.

32.    PK is entitled to a declaratory judgment that it did not infringe directly or indirectly, literally or under the doctrine of equivalents, claim 2 of the '577 patent.

## COUNTERCLAIM IV

## DECLARATORY JUDGMENT OF
## INVALIDITY OF CLAIM 2 OF U.S. PATENT NO. 9,675,577

33.    PK incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-12 and 27-30 above as if set forth fully herein.

34.    Methods comprising all limitations of claim 2 of the '577 patent have been known to persons having ordinary skill in the art since at least as early as 1990, as shown in Rich, A.J., *Ketone Bodies as Substrates*, *Proceedings of the Nutrition Society* (1990) 49, 361-373; European Patent Application Publication No. EP1827412A1 to Heal; European Patent Application Publication No. EP1915144A2 to Henderson; U.S. Patent Application Publication No. 2010/0041751 to Henderson; WIPO Patent Application Publication No. WO 2013/150153 to Clarke and Cox; U.S. Patent Application Publication No. 2007/0299135 to Martin and Heal.

35.    Such prior art publications teaching all limitations of claim 2 of the '577 patent render that claim invalid under 35 U.S.C. §§ 102 and/or 103.

36.    Claim 2 of the '577 patent is invalid pursuant to 35 U.S.C. § 112 insofar as the '577 patent specification does not provide sufficient written description to convey with reasonable clarity to those skilled in the art that, as of the effective filing date, the inventors were in possession of the full scope of the claimed invention, at least because there is not sufficient disclosure of a "beta-hydroxybutyrate monomer salt in an amount between about 2 grams and about 50 grams."

37.     Claim 2 of the '577 patent is invalid pursuant to 35 U.S.C. § 112 additionally because the '577 patent specification does not enable a person of ordinary skill in the art to make and use the claimed invention without undue experimentation, at least because there is not sufficient teaching in the '577 patent specification relating to a "beta-hydroxybutyrate monomer salt in an amount between about 2 grams and about 50 grams."

38.     PK is entitled to a declaratory judgment that claim 2 of the '577 patent is invalid.

## COUNTERCLAIM V

## DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF CLAIM 4 OF U.S. PATENT NO. 10,646,462

39.     PK incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-12 above as if set forth fully herein.

40.     Counterclaim Defendants allege in the present lawsuit that PK directly infringes claim 4 of the '462 patent at least by making, using, selling, offering for sale, and distributing the Perform:  Keto Pre-Workout Drink and Keto Nootropic products.

41.     Counterclaim Defendants did not identify in their Complaint any product other than the Perform:  Keto Pre-Workout Drink and Keto Nootropic products as allegedly directly infringing claim 4 of the '462 patent.

42.     Counterclaim Defendants did not describe in their Complaint how any product other than the Keto Nootropic product allegedly directly infringes claim 4 of the '462 patent.

43.     Counterclaim Defendants did not describe in their Complaint how any product allegedly infringes any claim of the '462 patent other than claim 4 of the '462 patent.

44.     PK has not made, used, imported, offered for sale, and/or sold any product since July 30, 2022.  The Keto Nootropic product that PK offered for sale and sold prior to July 30, 2022 did not infringe, directly or indirectly, literally or pursuant to the doctrine of equivalents,

4859-6378-4777.1

claim 4 of the '462 patent at least because that Keto Nootropic product did not have a "beta-hydroxybutyrate monomer salt mixture comprising a plurality of beta-hydroxybutyrate monomer salts."

45.     PK is entitled to a declaratory judgment that it does not infringe directly or indirectly, literally or under the doctrine of equivalents, claim 4 of the '462 patent.

## COUNTERCLAIM VI

### DECLARATORY JUDGMENT OF
### INVALIDITY OF CLAIM 4 OF U.S. PATENT NO. 10,646,462

46.     PK incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-12 and 40-43 above as if set forth fully herein.

47.     Compositions comprising all limitations of claim 4 of the '462 patent have been known to persons having ordinary skill in the art since at least as early as 1990, as shown in Rich, A.J., *Ketone Bodies as Substrates*, *Proceedings of the Nutrition Society* (1990) 49, 361-373; European Patent Application Publication No. EP1827412A1 to Heal; European Patent Application Publication No. EP1915144A2 to Henderson; U.S. Patent Application Publication No. 2010/0041751 to Henderson; WIPO Patent Application Publication No. WO 2013/150153 to Clarke and Cox; U.S. Patent Application Publication No. 2007/0299135 to Martin and Heal.

48.     Such prior art publications teaching all limitations of claim 4 of the '462 patent render that claim invalid under 35 U.S.C. §§ 102 and/or 103.

49.     Claim 4 of the '462 patent is invalid pursuant to 35 U.S.C. § 112 insofar as the '462 patent specification does not provide sufficient written description to convey with reasonable clarity to those skilled in the art that, as of the effective filing date, the inventors were in possession of the full scope of the claimed invention, at least because there is not sufficient

disclosure of a "beta-hydroxybutyrate monomer salt in an amount between about 2 grams and about 50 grams."

50.     Claim 4 of the '462 patent is invalid pursuant to 35 U.S.C. § 112 additionally because the '462 patent specification does not enable a person of ordinary skill in the art to make and use the claimed invention without undue experimentation, at least because there is not sufficient teaching in the '462 patent specification relating to a "beta-hydroxybutyrate monomer salt in an amount between about 2 grams and about 50 grams."

51.     PK is entitled to a declaratory judgment that claim 4 of the '462 patent is invalid.

## COUNTERCLAIM VII

### DECLARATORY JUDGMENT OF
### NON-INFRINGEMENT OF CLAIM 19 OF U.S. PATENT NO. 10,292,952

52.     PK incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-12 above as if set forth fully herein.

53.     Counterclaim Defendants allege in the present lawsuit that PK directly infringes claim 19 of the '952 patent at least by making, using, selling, offering for sale, and distributing the Exogenous Ketones Drink Mix, Perform:  Keto Pre-Workout Drink, and Keto Nootropic products.

54.     Counterclaim Defendants did not identify in their Complaint any product other than the Exogenous Ketones Drink Mix, Perform:  Keto Pre-Workout Drink, and Keto Nootropic products as allegedly directly infringing claim 19 of the '952 patent.

55.     Counterclaim Defendants did not describe in their Complaint how any product other than the Exogenous Ketones Drink Mix product allegedly indirectly infringes claim 19 of the '952 patent.

56.     Counterclaim Defendants did not describe in their Complaint how any product allegedly infringes any claim of the '952 patent other than claim 19 of the '952 patent.

57.     PK has not made, used, imported, offered for sale, and/or sold any product since July 30, 2022.  The Exogenous Ketones Drink Mix product that PK offered for sale and sold prior to July 30, 2022 did not infringe, directly or indirectly, literally or pursuant to the doctrine of equivalents, claim 19 of the '952 patent at least because that Exogenous Ketones Drink Mix product did not have a "beta-hydroxybutyrate mixed salt formulated from a plurality of different cations and a single anion, wherein the single anion is beta-hydroxybutyrate, and wherein other anions are omitted from the beta-hydroxybutyrate mixed salt."

58.     PK is entitled to a declaratory judgment that it did not infringe directly or indirectly, literally or under the doctrine of equivalents, claim 19 of the '952 patent.

## COUNTERCLAIM VIII

## DECLARATORY JUDGMENT OF
## <u>INVALIDITY OF CLAIM 19 OF U.S. PATENT NO. 10,292,952</u>

59.     PK incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-12 and 53-56 above as if set forth fully herein.

60.     Compositions comprising all limitations of claim 19 of the '952 patent have been known to persons having ordinary skill in the art since at least as early as 1986, as shown in, *inter alia*, P. K. Wu *et al.*, *Medium-Chain Triglycerides in Infant Formulas and Their Relation to Plasma Ketone Body Concentrations*, *Pediatric Research*, Vol. 20, No. 4 (1986), 338-341; U.S Patent Application No. 2010/0041751 to Henderson; U.S. Patent No. 4,771,074; and U.S. Patent No. 6,232,345.

61.     Such prior art publications teaching all limitations of claim 19 of the '952 patent render that claim invalid under 35 U.S.C. §§ 102 and/or 103.

62.     Claim 19 of the '952 patent is invalid pursuant to 35 U.S.C. § 112 insofar as the '952 patent specification does not provide sufficient written description to convey with reasonable clarity to those skilled in the art that, as of the effective filing date, the inventors were in possession of the full scope of the claimed invention, at least because there is not sufficient disclosure of a "beta-hydroxybutyrate mixed salt formulated from a plurality of different cations and a single anion, wherein the single anion is beta-hydroxybutyrate, and wherein other anions are omitted from the beta-hydroxybutyrate mixed salt."

63.     Claim 19 of the '952 patent is invalid pursuant to 35 U.S.C. § 112 additionally because the '952 patent specification does not enable a person of ordinary skill in the art to make and use the claimed invention without undue experimentation, at least because there is not sufficient teaching in the '952 patent specification relating to a "beta-hydroxybutyrate mixed salt formulated from a plurality of different cations and a single anion, wherein the single anion is beta-hydroxybutyrate, and wherein other anions are omitted from the beta-hydroxybutyrate mixed salt."

64.     PK is entitled to a declaratory judgment that claim 19 of the '952 patent is invalid.

## COUNTERCLAIM IX

## DECLARATORY JUDGMENT OF
## INVALIDITY OF CLAIM 1 OF U.S. PATENT NO. 11,020,362

65.     PK incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-12 above as if set forth fully herein.

66.     Counterclaim Defendants allege in the present lawsuit that PK directly infringes claim 1 of the '362 patent at least by making, using, selling, offering for sale, and distributing the Exogenous Ketones Drink Mix product.

67.     Counterclaim Defendants did not identify in their Complaint any product other than the Exogenous Ketones Drink Mix product as allegedly directly infringing claim 1 of the '362 patent.

68.     Counterclaim Defendants did not describe in their Complaint how any product other than the Exogenous Ketones Drink Mix product allegedly indirectly infringes claim 1 of the '362 patent.

69.     Counterclaim Defendants did not describe in their Complaint how any product allegedly infringes any claim of the '362 patent other than claim 1 of the '362 patent.

70.     Compositions comprising all limitations of claim 1 of the '362 patent claim have been known to persons having ordinary skill in the art since at least as early as 1988, as shown in, *inter alia*, U.S. Patent No. 4,771.074; U.S. Patent No. 10,980,764, and French Patent No. 2,997,302.

71.     Such prior art publications teaching all limitations of claim 1 of the '362 patent render that claim invalid under 35 U.S.C. §§ 102 and/or 103.

72.     Claim 1 of the '362 patent is invalid pursuant to the on-sale and public use bars of 35 U.S.C. § 102 at least because PK'S Exogenous Ketones Drink Mix was offered for sale, sold, and in public use prior to the critical date of the '362 patent.

73.     Claim 1 of the '362 patent is invalid pursuant to 35 U.S.C. § 112 insofar as the '362 patent specification does not provide sufficient written description to convey with reasonable clarity to those skilled in the art, as of the effective filing date, that the inventor was in possession of the full scope of the claimed invention, at least because there is insufficient disclosure of a composition having only three of the four listed BHB salts, in any combination of

weights, without a medium chain fatty acid having 6 to 12 carbons or glycerides or other esters thereof.

74.    Claim 1 of the '362 patent is invalid pursuant to 35 U.S.C. § 112 additionally insofar as the '362 patent specification does not enable a person of ordinary skill in the art to make and use the claimed invention without undue experimentation, at least because there is insufficient teaching relating to a compound having only three of the four listed BHB salts, in any combination of weights, without a medium chain fatty acid having 6 to 12 carbons or glycerides or other esters thereof.

75.    PK is entitled to a declaratory judgment that claim 1 of the '362 patent is invalid.

### COUNTERCLAIM X

### DECLARATORY JUDGMENT OF
### NON-INFRINGEMENT OF CLAIM 13 OF U.S. PATENT NO. 11,241,403

76.    PK incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-12 above as if set forth fully herein.

77.    Counterclaim Defendants allege in the present lawsuit that PK directly infringes claim 13 of the '403 patent at least by making, using, selling, offering for sale, and distributing the Exogenous Ketones Drink Mix and Keto BHB Capsules products.

78.    Counterclaim Defendants did not identify in their Complaint any product other than the Exogenous Ketones Drink Mix and Keto BHB Capsules products as allegedly directly infringing claim 13 of the '403 patent.

79.    Counterclaim Defendants did not describe in their Complaint how any product other than the Exogenous Ketones Drink Mix product allegedly indirectly infringes claim 13 of the '403 patent.

80.     Counterclaim Defendants did not describe in their Complaint how any product allegedly infringes any claim of the '403 patent other than claim 13 of the '403 patent.

81.     PK has not made, used, imported, offered for sale, and/or sold any product since July 30, 2022.  The '403 patent issued on February 8, 2022.  Therefore, PK could not have infringed any claim of the '403 patent, including without limitation claim 13 of the '403 patent. Further, the Exogenous Ketones Drink Mix product that PK offered for sale and sold prior to July 30, 2022 did not infringe, directly or indirectly, literally or pursuant to the doctrine of equivalents, claim 13 of the '403 patent at least because that Exogenous Ketones Drink Mix product did not have a composition comprising a greater total weight of calcium and magnesium beta-hydroxybutyrate salts than a total weight of sodium and potassium beta-hydroxybutyrate salts.

82.     PK is entitled to a declaratory judgment that it did not infringe directly or indirectly, literally or under the doctrine of equivalents, claim 13, or any other claim, of the '403 patent.

## COUNTERCLAIM XI

## DECLARATORY JUDGMENT OF
## INVALIDITY OF CLAIM 13 OF U.S. PATENT NO. 11,241,403

83.     PK incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-12 and 77-80 above as if set forth fully herein.

84.     Compositions comprising all limitations of claim 13 of the '403 patent claim have been known to persons having ordinary skill in the art since at least as early as 1988, as shown in, *inter alia*, U.S. Patent No. 4,771.074; U.S. Patent No. 10,980,764, and French Patent No. 2,997,302.

85.     Such prior art publications teaching all limitations of claim 13 of the '403 patent render that claim invalid under 35 U.S.C. §§ 102 and/or 103.

86.     Claim 13 of the '403 patent is invalid pursuant to the on-sale and public use bars of 35 U.S.C. § 102 at least because PK'S Exogenous Ketones Drink Mix was offered for sale, sold, and in public use prior to the critical date of the '403 patent.

87.     Claim 13 of the '403 patent is invalid pursuant to 35 U.S.C. § 112 insofar as the '403 patent specification does not provide sufficient written description to convey with reasonable clarity to those skilled in the art, as of the effective filing date, that the inventor was in possession of the full scope of the claimed invention, at least because there is insufficient disclosure of a composition comprising a greater total weight of calcium and magnesium beta-hydroxybutyrate salts than a total weight of sodium and potassium beta-hydroxybutyrate salts.

88.     Claim 13 of the '403 patent is invalid pursuant to 35 U.S.C. § 112 additionally insofar as the '403 patent specification does not enable a person of ordinary skill in the art to make and use the claimed invention without undue experimentation, at least because there is insufficient teaching relating to a composition comprising a greater total weight of calcium and magnesium beta-hydroxybutyrate salts than a total weight of sodium and potassium beta-hydroxybutyrate salts.

89.     PK is entitled to a declaratory judgment that claim 13 of the '403 patent is invalid.

## COUNTERCLAIM XII

## EXCEPTIONAL CASE

90.     PK incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-89 above as if set forth fully herein.

91.     PK and Counterclaim Defendants have been parties in prior litigation involving the '462 patent.

92.     PK Holdings and Counterclaim Defendants have been parties in prior litigation involving the '462 patent and the '362 patent.

93.     PK set forth meritorious non-infringement and invalidity arguments relating to the '462 patent in the prior litigation involving PK and Counterclaim Defendants.

94.     Counterclaim Defendants knew or should have known that PK does not infringe the '462 patent; the '577 patent; and the '403 patent, and that the asserted claims of the '462 patent, '577 patent, '362 patent, and the '403 patent are invalid as a result of pleadings filed and served by PK and PK Holdings in the prior litigations.

95.     Counterclaim Defendant AGS knew or should have known that PK's Exogenous Ketones Drink Mix was offered for sale, sold, and in public use before the respective critical dates of the '362 patent and the '403 patent because that information is publicly available.

96.     PK has not made, used, imported, offered for sale, and/or sold any product since July 30, 2022, which is before either the '362 patent or the '403 patent issued.

97.     Counterclaim Defendants have asserted that PK infringes the identified claims of the '462 patent, the '577 patent, the '362  patent, and the '403 patent in the present lawsuit.

98.     Counterclaim Defendants' claims that PK infringes the '462 patent, the '577 patent, the '362 patent, and the '403 patent despite the parties' prior litigations and publicly available information constitutes vexatious litigation sufficient to render this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNTERCLAIM XIII

## TORTIOUS INTERFERENCE WITH CONTRACT BY AGS

99.     PK incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-12 above as if set forth fully herein.

100.    PK had a contract with Amazon.com pursuant to which PK was permitted to sell its products, including without limitation Keto Nootropic and Exogenous Ketones Drink Mix, on the Amazon.com website in exchange for a fee per sale ("Amazon Contract").

101.    The Amazon.com contract was valid and enforceable.

102.    PK negotiated in 2021 with co-Defendant Perfect Keto Holdings, LLC ("PK Holdings") and multiple other parties, including Counterclaim Defendant AGS, to sell all of PK's assets.

103.    As a result of those negotiations, PK rejected Counterclaim Defendant AGS's proposals and sold all of its assets to PK Holdings in a transaction that closed on July 30, 2021.

104.    When PK did not accept Counterclaim Defendant AGS's offer, one of AGS's founders threatened, in communications to PK's founder, that Axcess would "shut [PK's] skus down"; asserted that PK has "4 products that are violating [Axcess'] patents that [PK] will have to stop selling immediately"; and asserted that Axcess "own[s] all the IP in this space and we are going to enforce it."

105.    As a result of its negotiations with PK, Counterclaim Defendant AGS knew that PK had a contract with Amazon.com pursuant to which PK sold its products and that Amazon.com was an important sales channel for PK's marketing and sales of its products.

106.    Counterclaim Defendant AGS's affiliate, Real Ketones, LLC ("Real Ketones"), sells products on Amazon.com.

107.    Upon information and belief, Real Ketones is a Utah limited liability company that shares a principal place of business with Counterclaim Defendant AGS at 2157 Lincoln Street, Salt Lake City, UT  84106.

108.    Upon information and belief, Counterclaim Defendant AGS and Real Ketones share management.

109.    Upon information and belief, as a result of its relationship with Real Ketones, Counterclaim Defendant AGS is aware of the terms and conditions in Amazon.com's agreement with sellers such as PK and PK Holdings.

110.    Counterclaim Defendant AGS filed Complaint No. 8191030131 with Amazon.com on April 7, 2021 alleging that PK's Perfect Keto Perform Pre-Workout Powder product infringed the '462 patent ("Amazon Complaint").

111.    Counterclaim Defendant AGS knew when it filed its Amazon Complaint that PK's Perfect Keto Perform Pre-Workout Powder product could not infringe any claim of the '462 patent because that product did not contain a "beta-hydroxybutyrate monomer salt," as that term is properly construed based on the '462 patent's prosecution history, *i.e.*, a single, non-repeating, unbound, charged BHB molecule.

112.    Counterclaim Defendant AGS also knew when it filed its Amazon Complaint that PK's Perfect Keto Perform Pre-Workout Powder product could not infringe any claim of the '462 patent because that product included only 4.5 grams of medium chain triglycerides ("MCT"), whereas every claim of the '462 patent claim requires "about 5 grams" of MCT, which, when properly construed, does not cover 4.5 grams of MCT.

113.    Because PK's Perfect Keto Perform Pre-Workout Powder product objectively could not infringe any claim of the '462 patent, no reasonable patentee could realistically expect to secure favorable relief by filing the Amazon Complaint.

114.    Amazon.com took down PK's product listing for its Perfect Keto Perform Pre-Workout Powder product as a result of AGS's Amazon Complaint, thereby denying PK access to Amazon.com as a sales channel for that product.

115.    PK responded to AGS's Amazon Complaint by explaining to Amazon.com that PK's Perfect Keto Perform Pre-Workout Powder product could not infringe any claim of the '462 patent because it had only 4.5 grams of MCT and contained no BHB monomer salts.

116.    Amazon.com reinstated PK's product listing for its Perfect Keto Perform Pre-Workout Powder product on June 17, 2021 as a result of PK's non-infringement explanation.

117.    Counterclaim Defendant AGS's filing of its Amazon Complaint was done with subjective bad faith.

118.    PK suffered damages as a result of AGS's wrongful conduct at least insofar as PK was prevented from selling all of its products through Amazon.com, lost sales of its products and related products as a result of AGS's tortious misconduct, and because PK incurred costs and attorneys' fees to respond to AGS's objectively baseless complaint.

### COUNTERCLAIM XIV

### TORTIOUS INTERFERENCE WITH
### <u>PROSPECTIVE ECONOMIC ADVANTAGE BY AGS</u>

119.    PK incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-12 and 100-118 above as if set forth fully herein.

120.    PK had a business relationship with Amazon.com pursuant to which PK was permitted to sell its products, including without limitation Keto Nootropic and Exogenous Ketones Drink Mix, on the Amazon.com website in exchange for a fee per sale.

121.    PK reasonably expected that it would continue to sell all of its products, including without limitation Keto Nootropic and Exogenous Ketones Drink Mix, on the Amazon.com website.

122.    Counterclaim Defendant AGS was aware of the Amazon Contract because of its negotiations with PK regarding a potential corporate transaction, and because AGS contacted Amazon.com regarding PK's Keto Nootropic and Exogenous Ketones Drink Mix products being sold on the Amazon.com website, which shows that AGS knew that PK was at the time selling, and expected to continue selling, its products on the Amazon.com website.

123.    AGS acted in bad faith by willfully, intentionally and unjustifiably inducing Amazon.com to partially terminate its business relationship with PK and PK'S expectancy that the relationship would continue in full, and to prevent PK from selling its products on the Amazon.com website by making false claims of patent infringement against PK in its communications with third-party Amazon.com.

124.    AGS actively persuaded and encouraged Amazon.com to prohibit PK from selling its Keto Nootropic and Exogenous Ketones Drink Mix products on the Amazon.com website by filing multiple complaints with Amazon.com alleging that PK'S Keto Nootropic and Exogenous Ketones Drink Mix products infringe the '362 patent.

125.    Amazon.com did partially terminate its business relationship with PK and prevent PK from selling its Keto Nootropic and Exogenous Ketones Drink Mix products on the Amazon.com website based on AGS's complaints and as a result of AGS's wrongful conduct.

126.     PK suffered damages as a result of AGS's wrongful conduct at least insofar as PK was prevented from selling all of its products through Amazon.com and lost sales of its Keto Nootropic and Exogenous Ketones Drink Mix products and related products as a result of AGS's tortious misconduct, and because PK incurred costs and attorneys' fees to respond to AGS's objectively baseless complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, PK respectfully requests the following relief:

A.     Dismissal of the Complaint with prejudice, granting PK's Affirmative Defenses and Counterclaims, and denying each request for relief made by Plaintiffs;

B.     Entry of judgment in PK's favor on each and every count of Plaintiffs' Complaint;

C.     Entry of an order directing that PK is not liable to any Plaintiff for any damages pursuant to the Complaint;

D.     Entry of judicial declarations in favor of PK under Counts I through XIV of its Counterclaims;

E.     An award of compensatory damages, attorneys' fees, costs, and interest on PK's Affirmative Defenses and Counterclaims;

F.     Entry of an order that PK is the prevailing party, that this is an exceptional case under 35 U.S.C. § 285 because Plaintiffs brought this case with wrongful intent and despite information known to them from the parties' prior litigations and publicly-available information;

G.     An award to PK of its attorneys' fees pursuant to 35 U.S.C. § 285; and

H.     Such other and further relief as this Court deems just and proper.

## JURY DEMAND

PK request a trial by jury on all issues so triable.

|  | LEWIS BRISBOIS<br>    BISGAARD & SMITH LLP |
|---|---|

**OF COUNSEL**

Kevin J. O'Shea
(*pro hac vice* application to be filed)
**OSHEA LAW LLC**
1744 Ridge Road
Jackson, MO  63755
(573) 388-2296
koshea@oshealawllc.com


Dated: January 13, 2023

/s/ Sean M. Brennecke
Sean M. Brennecke (No. 4686)
500 Delaware Avenue, Suite 700
Wilmington, Delaware 19801
302.985.6009
Sean.Brennecke@lewisbrisbois.com

*Attorneys for Defendant/Counter-Plaintiff*
*Perfect Keto, LLC*